**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **TOWN OF LINCOLN ZONING BOARD** ) | |
| **OF APPEALS, and** ) | |
| ) | |
| **STEVE DAIGLE, JOEL FREEDMAN, JOHN** ) | |
| **KIMBALL, JEFFERSON MACKLIN,** ) | |
| **MEGAN STRIDE, DAVID SUMMER, and** ) | **Civil Action No. 12-10179-DJC** |
| **MARGARET OLSON,** ) | |
| **Members of the Town of Lincoln Zoning Board** ) | |
| **of Appeals, and** ) | |
| ) | |
| **TOWN OF LINCOLN AFFORDABLE** ) | |
| **HOUSING TRUST, and** ) | |
| ) | |
| **NUPATH, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                           February 28, 2012

**I.     Introduction**

The United States has filed an action seeking to challenge the grant of a Special Permit issued by Defendant Town of Lincoln Zoning Board of Appeals ("Board" or "ZBA") to Defendant NuPath, Inc. ("NuPath") allowing construction of a structure on a property owned by Defendant Town of Lincoln Affordable Housing Trust ("Trust") located in Lincoln, Massachusetts.  D. 1.  Defendant Trust has moved to dismiss "those parts of the Complaint seeking an appeal under [Mass. Gen. L.] c. 40A, § 17" on the grounds that this Court "lacks jurisdiction on the subject matter of those claims."  D. 26 at 2.  For the reasons stated in this

memorandum, the Court GRANTS that motion since the United States has failed to meet a compulsory requirement to maintain its lawsuit and thus the complaint fails to state a claim upon which relief can be granted.

## II.    Background

On January 31, 2012, the United States filed this action and a nearly identical action in the Land Court department of the Trial Court in the Commonwealth of Massachusetts.  D. 1; D. 24 Exh. 1; D. 25 Exh. 1 at 2.  In both actions, the United States appeals from a decision in which Defendant Board granted a special permit to Defendant NuPath to construct a house on property located at 12 Airport Road in Lincoln, Massachusetts ("the Property").  D. 1 ¶ 1.[1]  The Property is owned by Defendant Trust and is located entirely within the legislated boundary of the Minute Man National Historical Park ("the Park").  D. 1 ¶ 1.  The Property is surrounded on all sides by land owned by the United States.  D. 1 ¶ 1.  On August 3, 2012, a Land Court judge stayed the state action in favor of this federal action.  D. 25 Exh. 1 at 3.

The United States has asserted two causes of action, namely that the ZBA exceeded its authority in issuing the Special Permit to NuPath and that the Defendants have trespassed and are likely to trespass again on land owned by the United States.  The United States asserts that jurisdiction is proper in this Court based on 28 U.S.C. §§ 1345, 1331 ("federal question"), "and

---

[1]The complaints in both causes of action assert four paragraphs that each begin "Approval of the Special Permit for NuPath's structure exceeded the authority of the ZBA because . . ." and each paragraph then asserts various reasons.  The assertions are virtually identical in both complaints.  The United States in the federal action also alleges a count of trespass that is not alleged in the state complaint.  D. 1 at 8 ¶ 5.  While all of the "relief requested" in the federal action is also requested in the state action, the state action additionally seeks that the state court annul the permit issued to NuPath and remand the matter to the ZBA.  Compare D. 1 at 7-9 with D. 24 Exh. 1 at 8-9.

the federal common law."[2]  D. 1 ¶ 2.  The Town of Lincoln Affordable Housing Trust ("Trust")

has filed a motion challenging the subject matter jurisdiction of this Court to hear "those parts of

the Complaint seeking an appeal under Mass. Gen. L. c. 40A, § 17," which is the state statute

that permits judicial review of a decision by a state zoning board of appeals.[3]  D. 26 at 2.  Here,

the United States does not dispute that it has failed to satisfy the requirements stated in Mass.

Gen. L. c. 40A, § 17, that "[n]otice of the action with a copy of the complaint shall be given to

such city or town clerk so as to be received within such twenty days."  See Pl. Opp., D. 28 at 4-5

& n.1 (arguing that "[t]here is no requirement in the Federal Rules, nor in any federal statute or

regulation, that separate notice be provided to the Town Clerk in this action"); see also Aff. of

Town Clerk of Lincoln, D. 27 ¶¶ 4-5 (stating that "no notice of appeal had been filed for a

judicial appeal to or in the U.S. District Court").  The Court does note that the United States has

satisfied the filing requirement of Mass. Gen. L. c. 40A § 17 for the action it has filed in Land

Court.  D. 28 at 4 n.1.

The Trust asserts that the filing requirement stated in Mass. Gen. L. c. 40A, § 17 is

jurisdictional.  The United States responds that the Trust's motion "is founded on a procedural

---

[2] The relevant portion of 28 U.S.C. § 1345 states:  "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . . ."

[3] The relevant portion of Mass. Gen. L. c. 40A § 17 provides:  "[a]ny person aggrieved by a decision of the board of appeals or any special permit granting authority . . . whether or not previously a party to the proceeding, . . . may appeal to the land court department, the superior court department in which the land concerned is situated or, . . . if the land is situated in a county, region or area served by a division of the housing court department either to said land court or superior court department or to the division of said housing court department for said county, region or area, . . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk. . . . Notice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days.  The complaint shall allege that the decision exceeds the authority of the board or authority, and any facts pertinent to the issue, and shall contain a prayer that the decision be annulled.  There shall be attached to the complaint a copy of the decision appealed from, bearing the date of filing thereof, certified by the city or town clerk with whom the decision was filed."

requirements [sic] of a Commonwealth of Massachusetts statute that is inapplicable to this federal action, and should be denied." Pl. Opp., D. 28 at 2. The United States argues that because this Court has original jurisdiction over all claims based on 28 U.S.C. § 1345, and "because proper service has been effected on all Defendants in accordance with the Federal Rules of Civil Procedure, and because no federal law requires that separate notice of this federal action be served upon the Town Clerk, the Trust's motion is without merit, and should be denied." D. 28 at 2.

## III.   Discussion

The United States characterizes the Trust's motion to dismiss as a challenge to proper service and asserts that the Trust's motion was "untimely" in raising the issue and that the Trust lacked standing to bring claims "regarding insufficient service upon another entity." Pl. Opp., D. 28 at 2. But the Trust's contention is not that the United States failed to serve process on the town clerk, who is not a party in this lawsuit and is not subject to service requirements set out by Fed. R. Civ. P. 4(c), but that the United States failed to meet a filing deadline with the town clerk's office. The Trust's motion is facially a challenge to this Court's subject matter jurisdiction, and even were that not so, the Court would still be required to address sua sponte its jurisdiction once it became aware of an alleged defect. Fed. R. Civ. P. 12(h)(3).

A party's challenge to the Court's subject matter jurisdiction may be raised at any time, and if the Court agrees that it lacks subject matter jurisdiction, the Court "must" dismiss the action. Fed. R. Civ. P. 12(h)(3). The United States correctly asserts that in general it may bring suit in this Court as a plaintiff under 28 U.S.C. § 1345. The question, however, is whether noncompliance with the state rule here (1) divests this Court of jurisdiction that it might otherwise hold, or (2) does not affect this Court's jurisdiction, but is nonetheless a compulsory

procedural requirement[4] or (3) has no effect on this federal suit.  This Court concludes that the second view is correct, and that the notice and filing step mandated by Mass. Gen. L. c. 40A, § 17 is a compulsory procedural requirement and does not divest this Court of jurisdiction.

### A.     The Filing Requirement in Mass. Gen. L. c. 40A, § 17 Does Not Divest This Court of Subject Matter Jurisdiction

The Trust relies on Town of Uxbridge v. Griff, 68 Mass. App. Ct. 174 (2007) and Bingham v. City Council of Fitchburg, 52 Mass. App. Ct. 566 (2001) for the proposition that the failure to file notice is a jurisdictional defect.  D. 26 at 2.  The Trust appears to be correct that in state court the failure to file the "[n]otice of action with a copy of the complaint" has been described as a jurisdictional failure that precludes review.  In Town of Uxbridge, the appealing party failed to file a notice of the action with the town clerk.  The court held that "[f]ailure to comply with this jurisdictional requirement means that the Superior Court lacked jurisdiction over the zoning appeal."  Town of Uxbridge, 68 Mass. App. Ct. at 175 n.3; see also Konover Mgmt. Corp. v. Planning Bd. of Auburn, 32 Mass. App. Ct. 319, 322-23 (1992) (recognizing that "receipt of notice by the town clerk is a jurisdictional requisite for an action under G.L. c. 40A, § 17"); Garfield v. Bd. of Appeals of Rockport, 356 Mass. 37, 39 (1969) (noting that "[i]f the required notice was not received within twenty days, the appeal should have been dismissed for lack of jurisdiction").  Other cases have described the filing requirement not in jurisdictional terms, but as a necessary step to bring suit.  See, e.g., Bingham, 52 Mass. App. at 568 (observing that "[r]eceipt of notice by a city clerk is a prerequisite for an action under G.L. c. 40A, § 17,

---

[4] See, e.g., Tapia-Tapia v. Potter, 322 F.3d 742, 745 & n.4 (1st Cir. 2003) (noting that a federal employee's failure to give notice to the Equal Employment Opportunity Commission before filing suit for age discrimination as required by 29 U.S.C. § 633a(d) violated "procedural requirements, [that are] compulsory, [but] not jurisdictional").

which the courts have policed in the strongest way and given strict enforcement") (internal quotation marks omitted).

For the purposes of this motion, the Court accepts the view that G.L. c. 40A, § 17 grants subject matter jurisdiction to certain specifically named Massachusetts state courts to review a "decision of the board of appeals," and that the failure by a party to meet the statutory filing requirement with the town clerk divests those state courts of said jurisdiction. But the United States has not asserted that this court has jurisdiction under Mass. Gen. L. c. 40A, § 17. That statute, for obvious reasons, cannot and does not establish jurisdiction of zoning appeals in the federal courts. The United States instead asserts that this Court has jurisdiction through 28 U.S.C. § 1345.

The United States finds support in Laborers' Pension Fund v. Pavement Maint., Inc., 542 F.3d 189, 193-94 (7th Cir. 2008). In that case, an appellant argued that "the district court 'lost' its subject-matter jurisdiction" where the appellee failed to comply with the requirements of an Illinois Supreme Court rule providing for "'automatic termination' of [a proceeding] after six months unless the trial court grants an extension." Id. at 193. That court noted that it could not find "a single instance in which a state rule of procedure has been permitted to divest a federal court of subject-matter jurisdiction and held that "[s]tate rules of procedure cannot negate subject-matter jurisdiction arising from a federal statute and federal question." Id. at 194. Analogous are cases involving challenges to federal removal jurisdiction based on alleged defects that may have divested state courts of jurisdiction over the removed matters. In Castleberry v. Goldome Credit Corp., 408 F.3d 773, 783-84 (11th Cir. 2005), a plaintiff objected to removal of an action under 12 U.S.C. § 1819(b)(2)(B) "because [a cross-claim] was filed without leave of the state court in violation of the Alabama rules of civil procedure." The court

held that "federal law determines whether the exercise of removal jurisdiction was proper, irrespective of state law procedural violations."  Id. at 783 (citing Chi., Rock Island & Pac. R.R. Co. v. Stude, 346 U.S. 574, 580 (1954) (noting that state "procedural provisions cannot control the privilege of removal granted by the federal statute")).  The Court concludes that it has subject matter jurisdiction over the present action.

### B.      The Filing Requirement in Mass. Gen. L. c. 40A, § 17 is a Compulsory Procedural Requirement

The fact that Mass. Gen. L. c. 40A, § 17 does not divest this Court of jurisdiction does not mean that the filing requirements of that statute simply disappear.  As the Supreme Court has recognized, a procedural requirement may not be jurisdictional, but may still be obligatory. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (holding that a particular administrative filing requirement, "like a statute of limitations," may not be a "jurisdictional prerequisite to suit in federal court, but [is] a requirement"); see also Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003) (identifying an "unexcused" failure to follow procedural requirements [that are] compulsory [but] not jurisdictional).

Another judge in this district has already found that a party's failure to meet the filing requirements of Mass. Gen. L. c. 40A, § 17 precluded reconsideration of the decision by a zoning board of appeals.  Nextel Commc'n of the Mid-Atlantic, Inc. v. Town of Milford, No. 00-11576-GAO, 2001 WL 36384012 (D. Mass. Aug. 2, 2001).  In that case, "[t]he court's jurisdiction over the state law [zoning appeal] claim [was] based on 28 U.S.C. § 1367 (supplemental jurisdiction)" where jurisdiction over the primary claim was "founded on 28 U.S.C. § 1331 (federal question)."  Id. at *8 n.10.  Finding that "Massachusetts courts require strict compliance with the notice provision set out in § 17," the judge granted summary judgment against the party seeking review of the zoning board of appeals decision.  The Nextel court

treated the zoning claims before the court on supplemental jurisdiction as implicating the Erie doctrine, and noted that "refusal by a federal court to apply the state rule would encourage forum shopping by non-residents appealing local zoning decisions [and that federal courts should therefore] insist on compliance with the notice provision of § 17 to the same extent that the courts of Massachusetts would." Id. at *8 (citing Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)).

That 28 U.S.C. § 1345 grants the United States access to a federal forum whenever it brings a civil suit "[e]xcept as otherwise provided by Act of Congress," does not warrant a different result here.[5] "The government may not fashion for itself a unique cause of action by selecting from the various elements of a given state statutory cause of action . . . ." U.S. v. State of Cal., 655 F.2d 914, 919 (1980) (holding that even where the United States filed a claim under 28 U.S.C. § 1345 that its compliance with state "claim filing requirements" was a condition precedent to bringing suit). Here, while Mass. Gen. L. c. 40A, § 17 does not provide the relevant jurisdictional hook, it still is the asserted cause of action upon which the United States relies.[6]

---

[5] To the extent that the state filing requirement in Mass. Gen. L. c. 40A, § 17 can be viewed as a rule of decision, see, e.g., Nextel at *8 & n.10, the Supreme Court has rejected the older view that federal courts are free to disregard state rules simply because federal jurisdiction is based on 28 U.S.C. § 1345. See Davis v. Leal, 43 F. Supp. 2d 1102, 1107-1108 & n.5 (E.D. Cal. 1999) (noting that "[t]hose cases issued previous to O'Melveny [& Myers v. FDIC, 512 U.S. 79, 87 (1994)] which can be read to assert that a federal court is 'free to fashion a federal rule of decision' simply because jurisdiction is predicated on § 1345, see, e.g., U.S. on Behalf of Small Bus. Admin. v. Richardson, 889 F.2d 37, 39 (3rd Cir. 1989) [(applying federal law in lieu of state law to determine if party had waived statute of limitations)], are no longer viable"); see also Atherton v. F.D.I.C., 519 U.S. 213, 218 (1997) (stating that "normally, when courts decide to fashion rules of federal common law, the guiding principle is that a significant conflict between some federal policy or interest and the use of state law must first be specifically shown") (internal quotation omitted)). Here, there is no alleged conflict between state law and federal policy.

[6] The Court acknowledges that the United States alleges that the ZBA exceeded its authority "in violation of M.G.L. Ch. 40A and Town of Lincoln By-Laws . . . the common law, and other provisions," D. 1 at 7-8 ¶¶ 1-4, but the only clearly alleged basis to seek judicial review of the ZBA's decision is Mass. Gen. L. c. 40A.

Where the United States seeks review under that statute, the text of that statute (which also sets out who may bring an action, the standard of review and the remedy) still applies.

Moreover, here, the filing requirement is not a formalistic procedural barrier, but is in place to give substantive protection to persons affected by zoning appeals but who are not parties to the suit.  "[T]he particular requirement of notice to the town clerk gives public notice of the appeal to persons who are not parties and who will not be subject to service—such as abutters or other residents or interested persons."  <u>Nextel</u>, 2001 WL 36384012, at *7 (quoting <u>Pierce v. Bd. of Appeals of Carver</u>, 369 Mass. 804 (Mass. 1976) ("[A] record in the clerk's office should be available to furnish 'constructive' notice to interested persons that the decision of the board of appeals has been challenged and may be overturned") (construing predecessor statute)).  This concern seems particularly applicable where interested parties might not normally think to look at federal court dockets to find a local zoning appeal.[7]  Here, it does appear that at least one entity was sufficiently interested to have sought intervention in this action.  That party, the Friends of the Minute Man National Park, "did not become aware that its interests were at risk until March 20, 2012, after the United States represented to [that party] that it would move to stay its [state] action and seek to resolve all claims in [federal c]ourt."  D. 20 at 5.  Here, because the United States followed the filing requirement only as to the state action, there was never public notice that this parallel federal action was taking place.  The policy concerns behind providing "public notice of the appeal to persons who are not parties and who will not be subject to service" are seemingly justified by the facts of this case.

---

[7] Zoning appeals are intimately tied with fundamental questions of state law.  <u>See</u> <u>Warth v. Seldin</u>, 422 U.S. 490, 508, n.18 (1975) (noting that "zoning laws and their provisions . . . are peculiarly within the province of state and local legislative authorities."); <u>see also</u> <u>Rucci v. City of Pacific</u>, 327 F.3d 651, 652 (8th Cir. 2003) (noting that "the application of local government real estate zoning laws" is a "quintessential question of state and local law").

### C.      The State Court is an Appropriate Forum for Resolving the Zoning Dispute

The United States moved to stay the parallel proceeding in Land Court, and the judge there did so, noting that "[i]t is more efficient and serves the interests of justice to have all the issues and claims raised by the United States and the defendants decided in a single action.   That action is, necessarily, the Federal Action."  D. 25 Exh. 1 at 3.  The Land Court judge when ruling on that motion may not have been aware of the filing defect affecting only the federal action. The Land Court judge also based his decision in response to apparent argument that "the United States has raised several issues in the Federal Action over which this court has no subject matter jurisdiction [including] the issue of whether the ZBA could issue the special permit without federal approval under Department of the Interior and Air Force Regulations[, and that] [q]uestions of the applicability of . . . federal regulations are not within the subject matter of this court."  D. 25 Exh. 1 at 2.  The judge noted that "the defendants' challenge to . . . title . . . should be brought under the Federal Quiet Title Act, 28 U.S.C. § 2409a [and that] a state court does not have jurisdiction to decide quiet title actions against the United States."  D. 25 Exh. 1 at 3.

None of these arguments have been presented to this Court.  Where the ZBA's decision involves consideration of whether federal regulations may apply, and where federal courts do not have exclusive jurisdiction, "state courts are fully competent to, and often do, address and correctly apply relevant federal law or regulations to the cases in their courts."  Adrian Energy Assocs. v. Mich. Pub.  Serv. Comm'n, 481 F.3d 414, 420 n.6 (6th Cir. 2007); Am. Paper Inst., Inc. v. U.S. Envtl. Prot. Agency, 890 F.2d 869, 875 (7th Cir. 1989) (noting that "state courts are perfectly competent to decide questions of federal law").  No party has brought a quiet title action under 28 U.S.C. § 2409a.  That issue may arise as the trespass allegation—which is present in the federal suit but omitted from the state suit—is litigated but currently the issue has

not been raised before this Court.  To the extent that the Land Court may ultimately need to resolve the zoning board appeal, this Court sees no impediment to that resolution.

#### D. <u>The United States Has Failed to State a Claim Upon Which Relief Can Be Granted</u>

The Court has subject matter jurisdiction over all counts alleged in this suit under 28 U.S.C. § 1345.  But the counts seeking review under the cause of action provided by Mass. Gen. L. 40A, § 17 undisputedly suffer from a filing defect.  The parallel state court proceeding (which does not suffer from this defect**,** Pl. Opp., D. 28 at 4-5 n.1) is stayed pending resolution of this suit.  Having assumed all the allegations in the complaint as true and noting that there is no dispute about the filing defect, the Court treats the Trust's motion as one for failure to state a claim pursuant to Rule 12(b)(6).  <u>ABF Freight Sys., Inc. v. Int'l Broth. of Teamsters</u>, 645 F.3d 954, 965 (8th Cir. 2011) (observing that a reviewing "court may treat a Rule 12(b)(1) issue as a Rule 12(b)(6) issue"); <u>Negron-Gaztambide v. Hernandez-Torres</u>, 35 F.3d 25, 27 (1st Cir. 1994) (observing that a district court had converted a 12(b)(1) motion into a 12(b)(6) motion and declining to consider which was more appropriate since the appellate standard of review was the same); <u>Carter v. Norfolk Cmty. Hosp.</u>, 761 F.2d 970, 974 (4th Cir. 1985) (holding that "[t]he district court should have granted the Hospital's motion to dismiss, although under the provisions of Fed. R. Civ. P. 12(b)(6), rather than Fed. R. Civ. P. 12(b)(1) as initially requested by the Hospital"); <u>see also</u> <u>Morrison v. Nat'l Australia Bank Ltd.</u>, —— U.S. ——, 130 S.Ct. 2869, 2877 (2010) (labeling as "unnecessary" a requested remand where "a remand would only require a new Rule 12(b)(6) label for the same Rule 12(b)(1) conclusion").  Here it is clear from the

memoranda supporting the pleadings that this federal action has an incurable filing defect affecting only those counts that seek appeal of the ZBA decision.[8]

## IV.    Conclusion

For the reasons given above, the Trust's Supplemental Motion to Dismiss, D. 26, is GRANTED.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[8] This order does not affect the claim by the United States alleging trespass.  D. 1 at 8 ¶ 5.