UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil No. 12-10179-LTS |
| TOWN OF LINCOLN ZONING BOARD OF APPEALS, et al., | ) ) ) ) |  |
| Defendants. | ) ) |  |

ORDER ON PENDING DISCOVERY MOTIONS

November 8, 2013

SOROKIN, C.M.J.

      Before the Court are three discovery motions. The government seeks an extension of time from October 31, 2013 to December 16, 2013 to complete discovery in this action. Doc. No. 64. This is the government's second request for such an extension, and one the defendants oppose. Doc. No. 65. The defendants seek to quash deposition notices and to obtain a protective order preventing the government from deposing two Town of Lincoln officials, the Chairman of its Zoning Board of Appeals, a member of its Planning Board, a trustee of the trust which owns the property at issue, and a representative of co-defendant NuPath, Inc. Doc. Nos. 66, 67. The Court stayed all depositions pending a ruling on the motions, which it took under advisement following an October 30, 2013 hearing. Doc. Nos. 70, 72. The government has filed an opposition to the motions to quash, Doc. No. 73, and all three motions are ripe for disposition.

      The government instituted this action nearly two years ago to challenge a special permit allowing construction of a building on privately owned property adjacent to the Minute Man

National Historical Park and Hanscom Air Force Base in Lincoln, Massachusetts, and to enjoin the defendants from allegedly trespassing on government land in order to access the property at issue.  Doc. No. 1.  In February 2013, Judge Casper, to whom the case originally was assigned, dismissed all claims in the complaint that sought to challenge the decision by the Town of Lincoln's Zoning Board of Appeals to grant the relevant special permit.  Doc. No. 45; see Doc. No. 59 (denying reconsideration).

In the wake of Judge Casper's decision, this case no longer involves an appeal of the special permit, a challenge to any aspect of the decision made by the Zoning Board of Appeals (such as whether questions of frontage were appropriately evaluated), or an assertion that the special permit decision failed to account for requirements of National Park Service or Air Force regulations.[1]  The sole claim remaining in this action is one alleging trespass.  That claim turns on legal issues involving the title to, and the right to travel upon, a road which the parties agree constitutes the only means of access to the property at issue.  It is undisputed that the defendants have used the road in the past to access the property and intend to continue doing so in the future as they proceed with constructing the permitted structure.  The only question is whether their use of the road and the areas adjacent to it constitutes a trespass on government land.  That question appears to turn primarily on documents and information related to the title to the land upon which the road was constructed and whether the defendants (or the public) have a right to use that land.

Nevertheless, the government now wishes to take depositions of various individuals in

---

[1] Such questions are now pending in a parallel action being litigated before the Land Court, and must be explored and resolved in that forum.

order to explore topics such as "whether Defendants were unreasonable in determining, or failing to determine, that the Lot had access and legal frontage on a street," and "whether Defendants met the requirements of the National Park Service that the proposed structure not be detrimental to the mission, resources, and values of the Park and whether Defendants have complied with the U.S. Air Force requirements for use of Airport Road."  Doc. No. 73 at 2-3.  Moreover, the government sought to explore such topics via deposition notices that were served only three business days before the first noticed deposition date, and only four business days before the discovery deadline, as previously extended.  See Doc. Nos. 66-1, 66-2, 67-1.

      The government has not contended – and could not seriously contend – that it provided "reasonable written notice" of the proposed depositions.[2]  Fed. R. Civ. P. 30(b)(1).  More importantly, the government has not explained how the depositions it seeks will bear on its trespass claim (as opposed to its various challenges to the special permit now pending in state court).  There appears to be no dispute here that the property at issue is essentially surrounded by government land, and that the only means of accessing it is via Airport Road.  See Doc. No. 1 at ¶ 8. Indeed, the defendants reasonably have offered to stipulate to such facts, and to the fact that they have used (and intend to continue to use) Airport Road to travel to and from the property.[3]

---

[2]Although the Court is sensitive to the fact that the government's counsel and various other officials involved in this action were subjected to a seventeen-day furlough in early October due to the shutdown of the federal government, that fact alone does not explain why no depositions were sought during the two months of extended discovery time that elapsed before the shutdown.  Similarly, the government has not explained why, if it believed the written discovery produced by the defendants was incomplete, it elected not to move to compel further responses at any time before the discovery period ended.

[3]To the extent the frequency or nature of the defendants' access becomes a material issue with respect to the trespass claim at some point in the future, the government may bring that fact to the Court's attention.  However, the question in this case, as it has been presented by all

Nothing in the government's written submissions or oral argument related to the pending motions justifies a finding that the discovery the government seeks is reasonably likely to yield information relevant to the narrow issue before the Court in this action: trespass.  Instead, the government consistently describes the information it seeks in a manner that strongly suggests it wishes to use the discovery process in this action to obtain information material to the broader claims now pending in state court.

Accordingly, the government's motion seeking an extension of the discovery deadline is DENIED, and the defendants' motions to quash are ALLOWED.[4]  The schedule for summary judgment motions previously set by the Court remains in effect, as follows:

• The government's motion for summary judgment is due on December 31, 2013;

• Each defendant's cross-motion/opposition brief is due on January 31, 2014;

• The government's opposition/reply brief is due on February 28, 2014; and

• Each defendant's reply/surreply brief is due on March 15, 2014.

SO ORDERED.

/s/ Leo T. Sorokin

---

parties to date, is simply whether the defendants have a legal right to use Airport Road, not how often or in what manner they are using it.

[4] The Court need not resolve whether the moving defendants have standing to challenge the government's subpoena to a co-defendant's representative.  It is beyond dispute that reasonable notice was not provided for that representative's deposition – and that the moving defendants, who are entitled to participate in that deposition, are entitled to such notice.  See Fed. R. Civ. P. 30(b)(1).  Under the circumstances, the government has not shown good cause for extending the now-expired discovery deadline in order to allow for any depositions, whether of Town or Trust representatives or agents of another party.

                                        Leo T. Sorokin
                                        Chief U.S. Magistrate Judge